UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANTHONY BAILEY, | Case No. 2:20-cv-01709-KJD-VCF |
| Plaintiff, | ORDER |
| v. | |
| NDOC et. al., | |
| Defendant. | |

Presently before the Court are Plaintiff's three Motions for Entry of Default Judgment (#23/40/45). Defendants have not responded.

I.   Factual and Procedural Background

Plaintiff ("Bailey") is an inmate at High Desert State Prison in Nevada. He brought suit against the Defendants, asserting civil rights claims arising from 42 U.S.C. § 1983. On June 3, 2021, the Court issued a screening order dismissing many claims and letting others proceed (#10). The claims that were allowed to proceed are Eighth Amendment claims for: (1) denial of treatment for Bailey's urinary symptoms and the stripping of lower-level restrictions against Dr. Gregory Bryan ("Dr. Bryan") and (2) denial of treatment of a spider bite against Dr. Bryan and Advanced Nurse Gregory Martin ("Nurse Martin"). Id. The claims that were dismissed are: (1) claims against the Nevada Department of Corrections ("NDOC") and Naph-Care with prejudice; (2) Fourteenth Amendment due process claims based on alleged violations of prisoner procedures, the treatment of kites or grievances, or the conduct forming the basis of the Eighth Amendment claims with prejudice; (3) the Fourteenth Amendment substantive due process claim based on alleged lack of notice concerning the side effects of Elavil without prejudice; and (4) all other remaining claims without prejudice. Id.

In all three of Bailey's motions he argues the same thing– that entry for default must be granted

1  against (1) Dr. Bryan; (2) the unnamed Director of Nursing; (3) Ben Guitierrez; (4) Nurse Martin;
2  (5) James McLowe; and (6) Michael Minev. (#23, #40, #45). However, the screening order
3  dismissed all the claims against each Defendant except for Dr. Bryan and Nurse Martin. (#10).

4  Federal courts must conduct a preliminary screening in any case in which a prisoner seeks
5  redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C.
6  § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims
7  that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek
8  monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1),
9  (2).

10  Again, the screening order found that Bailey failed to state colorable claims against all but
11  two defendants. (#10). Further, the Court has granted Nurse Martin's motion for summary so that
12  claim is now dismissed. (#46). The only remaining claim is against Dr. Bryan for denial of
13  treatment for Bailey's urinary symptoms and the stripping of lower-level restrictions. (#10).

14  II.   Analysis

15  The Federal Rules of Civil Procedure ("Rules") permit default judgment "[w]hen a party
16  against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend,
17  and that failure is shown by affidavit or otherwise." FED. R. CIV. P. 55(a). There are two steps
18  involved in obtaining a default judgment.

> First, the party seeking a default judgment must file a motion for entry of default with the clerk of a district court by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint, and second, once the clerk has entered a default, the moving party may then seek entry of a default judgment against the defaulting party.

J & J Sports Productions, Inc. v. Chikiss Botanas N' Beer, LLC, No. 2:18-cv-745-JCM-VCF, 2020 WL 2559941, at *1 (D. Nev. May 20, 2020) (citing UMG Recordings, Inc. v. Stewart, 461 F. Supp. 2d 837, 840 (S.D. Ill. 2006)). Rule 4(m) requires service of summons and complaint upon a defendant 90 days after the filing of the complaint. FED. R. CIV. P. 4(m). Rule 4(m) also provides, in part, "… [i]f a defendant is not served within 90 days after the complaint is filed, the court– on motion or on its own after notice to the plaintiff– must dismiss the action without

prejudice against that defendant or order that service be made within a specific time. Id. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period[.]" Id. Rule 4(c)(3) provides, "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the Court."

On September 22, 2021, the Office of the Attorney General filed a Notice of Acceptance of Service. (#17). The Office accepted service on behalf of Defendant Nurse Martin but did not accept service on behalf of Dr. Bryan. Id. The Office of Attorney General also filed the last-known-address information for Dr. Bryan under seal. Id.

To this date, Dr. Bryan has not been served. Bailey has not presented any evidence of proof of service of the summons and complaint as to Dr. Bryan. Because there is no proof of service, the Court cannot enter default for Bailey. However, the Court will grant Bailey additional time to file proof of service of the summons and complaint. Bailey shall now have up to and including 30 days from the entry of this order to file proof of service of the summons and complaint. If Bailey fails to respond or file proof of service, the Court will dismiss the complaint against Dr. Bryan without prejudice in accordance with Rule 4(m).

III.     Conclusion

Accordingly, **IT IS ORDERED** that Plaintiff's Motions for Entry of Default Judgment (#23/40/45) are **DENIED.**

Dated this 3rd day of February, 2023.

Kent J. Dawson
United States District Judge