UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANTHONY BAILEY,<br><br>         Plaintiff,<br><br> v.<br><br>NDOC, et al.,<br><br>         Defendants. | Case No. 2:20-cv-01709-KJD-VCF<br><br>ORDER |

 Presently before the Court is Plaintiff's Rule 60(b)(1) Motion for Reconsideration (#49). Defendant responded in opposition (#50) to which Plaintiff replied (#51).

 I. <u>Factual and Procedural Background</u>

 Plaintiff ("Bailey") is an inmate at High Desert State Prison in Nevada. He brought suit against multiple Defendants, asserting civil rights claims arising from 42 U.S.C. § 1983. On June 3, 2021, the Court issued a screening order dismissing many claims and letting others proceed (#10). The Court also granted summary judgment and issued a judgment in favor of Gregory Martin ("Martin") and against Bailey. (#47/48).

 Bailey now moves the Court to reconsider the screening order, the order denying entry of default, and the order granting summary judgment in favor of Martin. The government, representing only Martin, opposes the motion and argues it is untimely and does not present any new evidence or argument to support reconsideration. (#50).

 II. <u>Legal Standard</u>

 **1. Rule 60(b)**

 A motion for reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." <u>Kona Enters. Inc. v. Estate of Bishop</u>, 229 F.3d 877, 890 (9th Cir. 2000). This motion is brought under either Rule 59(e) or

Rule 60(b) of the Federal Rules of Civil Procedure ("Rule"). See United States v. Martin, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000).

A motion for reconsideration should not merely present arguments previously raised; that is, a motion for reconsideration is not a vehicle permitting the unsuccessful party to reiterate arguments previously presented. See Merozoite v. Thorp, 52 F.3d 252, 255 (9th Cir. 1995); Beentjes v. Placer County Air Pollution Control District, 254 F.Supp.2d 1159, at 1161 (E.D. Cal. 2003); Khan v. Fasano, 194 F. Supp. 2d 1134, 1136 (S.D. Cal. 2001) ("A party cannot have relief under this rule merely because he or she is unhappy with the judgment.").

A Rule 60(b) motion "must be made within a reasonable time...no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

**2.  Screening Order**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Rule 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint.

Review under Rule 12(b)(6) is essentially a ruling on a question of law. See Chappel v. Lab Corp. of America, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. See Morley v. Walker, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all the allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. See Warshaw v. Xoma Corp., 74 F.3d 955, 957 (9th Cir. 1996).

However, a reviewing court should "begin by identifying pleadings [allegations] that,

because they are no more than mere conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." Id. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. "Determining whether a complaint states a plausible claim for relief…[is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

All or part of a complaint filed by a prisoner may therefore be dismissed sua sponte if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). See Nietzke v. Williams, 490 U.S. 319, 327-28 (1989); see also McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

III.   Analysis

Bailey argues that the Court's decisions were based on mistake, inadvertence, surprise or excusable neglect. (#49, at 7). Bailey's request to reconsider the screening order is untimely. The Federal Rules of Civil Procedure mandate that a Rule 60(b) motion be filed within one year of the order at issue. Here, the screening order was filed on June 3, 2021. (#10). The present motion was filed on February 16, 2023, and therefore this motion in filed too late.

Regardless, the Court properly screened Bailey's claims. Courts are tasked with examining and analyzing the alleged wrongdoings that come before them. Courts are also bound by certain procedural and substantive rules. Allegations made by a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers, but the complainant must still identify some evidence or make legitimate claims against individuals who are not immune from the suit based on the infrastructure established by the Constitution and Congress. Mere legal conclusions or fantastic factual allegations that are not supported by facts or evidence cannot be allowed to move forward as it congests the judicial system and places legitimate claims at the back. Courts cannot just take a plaintiff's "word for it," as it would corrupt the system and

disable the adversarial framework that has been carefully designed.

The Court notes that the system is not perfect, and prisoners do have genuine and proper claims for courts to redress, but these claims must be based on more than just allegations or conclusions without anything to support them. The Court considered Bailey's grievances against the Defendants and found that legally, only some claims were able to continue, and others were dismissed.

Bailey insists throughout his motion that there is some type of government conspiracy against him. He reargues the issues in his original complaint and does not present additional evidence to support his Rule 60(b) motion. In addition to his motion to reconsider the screening order being untimely, Bailey has not met the legal standard required of a Rule 60(b) motion.

The Court also carefully considered Martin's motion for summary judgment and granted it according to the legal standard. Bailey did not overcome the evidentiary threshold required to survive summary judgment. Again, Bailey has not presented anything new for the Court to reconsider that motion. He asserts that the Court committed fraud and that the Court's orders deprived him of his constitutional rights, and that the Court colluded with the Attorney General's office to do so. The Court assures Bailey that this is not the case. Without more evidence to support his conclusions, the Court will not reconsider the screening order or the motion for summary judgment.

IV.     Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Rule 60(b) Motion for Reconsideration (#49) is **DENIED**.

Dated this 9th day of May, 2023.

Kent J. Dawson
United States District Judge